FILED

2008 Jun-17  AM 10:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN   DIVISION

**PRENTISS RILEY**

      **Plaintiff,**

  **VS.**                              **CV 07-PT-1446-E**

**AMAZE CORPORATION, et al**

      **Defendants.**

### FINDINGS OF FACT
### AND CONCLUSIONS OF LAW

This cause comes on to be heard on Plaintiffs' Motion for an Order Permitting Court Supervised Notice to Employees of Their Opt-In-Rights and Incorporated Memorandum of Law filed February 25, 2008.  The court gave the parties an opportunity for an evidentiary hearing on May 23, 2008.[1]  All parties elected to submit on affidavits.

Both sides agree that the court should be guided by *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208 (11th Cir. 2001).  The court notes the following statements in *Hipp*.

> To maintain an opt-in class action under § 216(b), plaintiffs must demonstrate that they are "similarly situated." § 216(b); *Grayson*, 79 F.3d at 1093.  In subpart B, we will clarify the meaning of § 216(b)'s "similarly situated" requirement in this circuit. We will also suggest an approach for district courts to use in considering certification of ADEA opt-in classes.
>
> *Id.*, at 1217.
>
>            . . . .
>
> For an opt-in class to be created under § 216(b),  a named plaintiff

---

[1] The interim delay resulted from the parties' attempt to agree.

must be suing on behalf of himself and other "similarly situated" employees. " '[P]laintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members.' " *Grayson*, 79 F.3d at 1096 (quoting *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988), *aff'd in part and appeal dismissed in part*, 862 F.2d 439 (3d Cir. 1988), *aff'd* 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989)).

*Id*., at 1217 (Footnote omitted).

. . . .

This Court expressed its view of the similarly situated requirement in *Grayson*: "[T]he 'similarly situated' requirement of § 216(b) is more elastic and less stringent than the requirements found in Rule 20 (joinder) and Rule 42 (severance)." 79 F.3d at 1095. "[A] unified policy, plan, or scheme of discrimination may not be required to satisfy the more liberal 'similarly situated' requirement of § 216(b)." *Id.* "[P]laintiffs bear the burden of demonstrating a reasonable basis for their claim of classwide discrimination. The plaintiffs may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Id.* at 1097 (internal citations and quotation marks omitted).

. . . .

The two-tiered approach to certification of § 216(b) opt-in classes described above appears to be an effective tool for district courts to use in managing these often complex cases, and we suggest that district courts in this circuit adopt it in future cases. Nothing in our circuit precedent, however, requires district courts to utilize this approach. The decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court. *See Grayson*, 79 F.3d at 1097 (§ 216(b) class; *Rustein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1233 (11 th Cir. 2000) (Rule 23 class), *cert. denied*, 532 U.S. 919, 121 S.Ct. 1354, 149 L.Ed.2d 285 (2001).

*Id*., at 1219.

. . . .

Liberty National emphasizes that Plaintiffs in this case worked in

different geographical locations. This factor is not conclusive. The plaintiffs in *Grayson* worked in several states, and the court still held that they met the similarly situated requirement. 79 F.3d at 1091. Liberty National also argues that each Plaintiff's case was unique and required an individual analysis of his or her working conditions. Like the plaintiffs in *Grayson,* however, Plaintiffs in this case all held the same job title, and they all alleged similar, though not identical, discriminatory treatment. *See id.* at 1098-99.

*Id*., at 1219.

While this court recognizes the lenient standard established by *Hipp*, the court is required to make at least a determination of whether the named plaintiff and any purported opt -in plaintiffs are similarly situated. The court concludes that they are not. The court bases this determination primarily on the following facts:

1. The named plaintiff Prentiss[2] Riley was employed by the defendants only from February 2006 to October 2006.

2. The U. S. Department of Labor (DOL) conducted an investigation regarding the defendants' employees' overtime for the period of April 4, 2005 to April 1, 2007, covering the entire period of Riley's employment and before and after his employment.

3. The investigation resulted in findings that fourteen employees, including plaintiff Riley, were entitled to unpaid wages. The form listed amounts due. See DOL form entitled "Summary of Unpaid Wages" dated May 7, 2007. Fourteen of the named employees received checks for the listed amounts along with a letter from defendants which stated that the cashing of the check released the defendants from related claims. Two of the listed employees could not be located and checks for their listed amounts were sent to the DOL. Eleven employees cashed the checks. Only plaintiff Riley did not cash his check. Clearly the purported opt- in plaintiffs are

---

[2]Apparently the correct spelling.

not similarly situated.[3]

The court further notes that there are differences with reference to Riley's method of payment as compared to that of other purported opt-in plaintiffs.[4]  There is also a question of whether there is substantial evidence that any purported opt-in plaintiffs other than those who have already opted in desire to opt-in.  See *Dyback v. Fla. Dept. Of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991) and *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1093 (11th Cir. 1996).[5]

The court has not reached  the merits of any purported claims, but cannot just automatically abandon its required duty to determine similarity.

The said motion is **DENIED**.[6]

**DONE** and **ORDERED** this the 17th day of June, 2008.

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[3]Plaintiff attempts to put the employees who accepted the payments into the same category as himself who refused the payment.  His refusal may have been at least partially based upon a substantial claimed credit against his payment.

[4]The fact that Riley's base amount due was significantly higher than that of other employees lends some credence to defendants' argument that his method of payment was not similar to that of other employees.

[5]The defendants have filed the statements of a substantial number of employees who aver that they do not wish to opt-in.  Only two of the employees who signed said statements were employed by the defendants while the investigation proceeded.  All, except said two, have worked for defendants only after said investigation.

[6]As agreed at the May 23, 2008 hearing, the statute of limitations is tolled from May 23, 2008 to the date of this filing.